■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HORACE ROSS, Appellant.— Judgment of conviction for the crimes of assault in the third degree and unlawful possession of a narcotic drug (Penal Law, § 1751-a), unanimously reversed, on the facts and the law, and the informations dismissed. The arrest of defendant was made on the original charge of the misdemeanor of injury to property — breaking a window in a nearby bar. Defendant's arrest was effected without a warrant for an alleged misdemeanor not committed in the presence of any of the arresting officers. The arrest was illegally made; and so the feeble resistance offered by defendant — resulting, as the District Attorney acknowledges, in more damage to defendant than to the officers — was fully justified under the circumstances (*People v. Cherry,* 307 N. Y. 308; *People v. O'Connor,* 257 N. Y. 473; *People v. Dreares,* 15 A D 2d 204, affd. 11 N Y 2d 906). Therefore, the charge of assault in the third degree, based as it is on defendant's resistance to arrest by one of the police officers, must fall. A search of defendant's person after the arrest revealed the narcotics which are the subject of the third information. The search was not incidental to a lawful arrest and defendant's motion during trial to suppress evidence of possession of said narcotics should have been granted and this information dismissed (*Mapp v. Ohio,* 367 U. S. 643; *People v. Loria,* 10 N Y 2d 368). Concur — Botein, P. J., Breitel, Rabin, Stevens and Eager, JJ.